UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Respondent,

Case No. 04-80026

v.

Honorable Nancy G. Edmunds

LORENZO COLBERT,

    Petitioner.

                                                 /

**OPINION AND ORDER DENYING PETITIONER'S § 2255 MOTION FOR RELIEF FROM JUDGMENT [61]**

Petitioner–Defendant Lorenzo Colbert pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 180 months pursuant to the Armed Career Criminal Act ("ACCA"). On June 24, 2016, Colbert filed the instant motion to correct or vacate his sentence under 28 U.S.C. § 2255. Relying on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Colbert argues that his prior convictions–assault with intent to commit great bodily harm–no longer qualify as predicate offenses under the ACCA. An examination of the Michigan statute criminalizing Colbert's prior conduct makes it clear that *Johnson* has no application here.

Accordingly, for the reasons specified more thoroughly below, the Court DENIES Colbert's petition for post-conviction relief. [61]

**I.  ANALYSIS**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence

to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, the petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (internal quotations omitted).

Under the ACCA, a defendant with "three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' is subject to a prison term [of] a minimum of 15 years and a maximum of life." *Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as [the ACCA's] residual clause." *Johnson*, 135 S.Ct. at 2556. In *Johnson*, the Court held that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Id.* at 2563. According to Colbert, because his status as an Armed Career Criminal was premised on the now invalidated residual clause, his sentence is unconstitutional. But that argument assumes, erroneously, that Colbert's prior criminal activity is not captured under the ACCA's alternative definition of a "violent felony." A brief review of the particulars of Colbert's

qualifying convictions suggests that they fall comfortably within the ACCA's "elements clause."

In 1987 and again in 1993, Colbert was convicted of felony assault with intent to commit great bodily harm in violation of Mich. Comp. Laws § 750.84.[1] The statute requires proof of "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v. Brown*, 703 N.W.2d 230, 236 (Mich Ct. App. 2005). Significantly, the State must establish that the defendant acted with "an intent to do serious injury of an aggravated nature. "*Id.* Under *Johnson*, "an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause." *McBee v. United States*, No. 06-17, 2016 WL 3962996, at *2 (E.D. Tenn. July 21, 2016). But here, Colbert's predicate offenses are not dependent upon the residual clause because felony assault "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Indeed, several courts including the Sixth Circuit have held that "[a]ssault with intent to commit great bodily harm [] meets the definition of a violent felony because it 'has as an element the use . . . of physical force against the person of another, . . . . " *United States v. Simmons*, 329 F. App'x 629, 632 (6th Cir. 2009); *see also United States v. Thompson*, No 12-20655, 2015 WL 1780801, at *7 (E.D. Mich. April 20, 2015) (denying the defendant's § 2255 petition and finding that Michigan's felony assault statute "is certainly a crime that 'has an element [of] the use, attempted use, or threatened use of physical force against the

---

[1] Colbert does not challenge his third qualifying conviction, felony possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

person of another.' "); *Logan v. United States*, 15-889, 2016 WL 96179, at *4 (W.D. Mich. Jan. 8, 2016) (same). More to the point, Colbert fails to offer a single case in support of the proposition that section 750.84 "does not require the use or even threatened use of physical force capable of causing injury[.]" (Petitioner's Mot. 4). And the reason for that is clear- by very definition, the statute requires "an intent to do serious injury." Accordingly, the Court finds that Colbert's convictions qualify as violent felonies under the ACCA's elements clause, and his classification as a career offender remains unaffected by *Johnson*.

## II.   Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 and 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (internal quotes and citations omitted).

For the reasons stated in this opinion, the Court will deny Colbert a certificate of appealability because he has failed to make a substantial showing that his due process rights were compromised.

### III.   CONCLUSION

Based upon the foregoing, IT IS ORDERED that the

amy.markopoulos@usdoj.gov
2.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated:  February 7, 2017


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2017, by electronic and/or ordinary mail.

> s/Carol J. Bethel
> Case Manager